W. D. RIDOUT *v.* M. L. WILLIAMS AND WIFE.

VOLUNTARY CONVEYANCE. *Prior indebtedness.* A husband collected certain notes payable to himself but owned by a third person, and subsequently conveyed his entire estate, consisting of land, to his wife by deed of gift, after which judgments were recovered before a justice by the holder against the makers of the notes, which were stayed by the husband, who promised at the time, in the presence of creditor and debtors, to pay the money to the creditor. *Held,* that the land might be subjected to the satisfaction of the debt.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

WILSON & BEARD for complainant.

FINLAY & PETERS for defendants.

COOPER, J., delivered the opinion of the court.

On July 17, 1869, M. L. Williams filed his petition in bankruptcy, was duly declared a bankrupt, and a formal assignment of his property made to his assignee. Among the property surrendered by him and thus assigned, were the lands in controversy in this case, and several notes on different persons, aggregating about $600. In October, 1869, the assignee sold and conveyed the notes to B. L. Bridges, and on May 10, 1870, at another sale, sold and conveyed the lands to the defendant, M. L. Williams.

Ridout v. Williams.

On March 16, 1871, Bridges recovered judgments before a justice of the peace against the makers of the notes for the amounts due from each, which judgments were stayed by M. L. Williams. On March 28, 1871, Bridges assigned these judgments and the notes on which they were recovered to the complainant Ridout. At the trial before the justice, when judgments were rendered on the notes,. Williams was introduced as a witness for the defendants, and stated under oath that the notes had been previously, and early in 1870, paid to him by the makers in full. He acknowledged that he was indebted to the plaintiff for said amounts collected by him, and that in staying the judgments he intended to assume their payment, and take the debt off the shoulders of the principal debtors.

On July 12, 1870, Williams made a voluntary conveyance of the lands in controversy to his wife, these lands being the only property owned by him at the time. The pleadings show that this deed was registered, but not the date of registration.

This bill was filed, February 22, 1877, upon return of *nulla bona* on the justice's judgments, and a statement of the foregoing facts, to subject the lands mentioned to the satisfaction of the complainant's demands against Williams. The chancellor gave the complainant a decree, and defendants appealed.

The husband was, at the date of the gift to his wife, justly indebted for the amount of the various notes on which the judgments were afterwards recovered, he having wrongfully collected the money from

the makers of the notes.  The proof is that he acknowledged, when examined before the justice, that he was indebted to the plaintiff for the amounts thus collected, and promised the debtors that he would take the debt off their shoulders.  Being justly indebted to the makers of the notes for the money received from them, he might, in the presence of the makers and holder of the notes, promise to pay the holder the money thus received, for it would be his own debt and the promise not within the statute of frauds.  Besides, the debt in question, even if the defendant's liability be treated as created by the stay of the judgments, is undoubtedly the debt in existence when the voluntary deed was executed, and which he could never, if compelled to pay it, recover of the judgment debtors.  In either view, the presumption of fraud as against the complainant's demand arises, and is not rebutted.  In fact, the voluntary conveyance of the grantor's entire property would be a clear case of fraud as to existing creditors, for it must necessarily operate to delay creditors.

Affirm the decree with costs.